UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

QIANA ALLEN,

   Plaintiff,

 v.

POTESTIVO & ASSOCIATES, P.C.,

   Defendant.

No. 17 CV 787

Judge Manish S. Shah

## ORDER

 Defendant's motion to dismiss [8] is granted in part, denied in part. The court has subject-matter jurisdiction, but the complaint does not state a claim under 15 U.S.C. § 1692e. The complaint may proceed on its claim under 15 U.S.C. § 1692f. Defendant shall file an answer by December 4, 2017, and the parties shall file a joint status report with a proposed discovery schedule on December 4, 2017. The court will enter a scheduling order and set a status hearing after reviewing the status report.

## STATEMENT

 When her mother died in 2009, plaintiff Qiana Allen inherited the home they had shared and made monthly payments on the mortgage. [1] ¶¶ 6–10.* She fell behind on her payments the following year, and eventually, Deutsche Bank National Trust Company, in its capacity as trustee of the trust containing the mortgage, instituted foreclosure proceedings. [1] ¶¶ 11–13.

 Defendant Potestivo & Associates, P.C., represented Deutsche Bank in that state-court action. [1] ¶ 13. The complaint in that action names Allen's mother as the mortgagor, attaches copies of the note and the mortgage which are signed by Allen's mother, and does not claim anyone to be personally liable for any deficiency. [1] ¶¶ 14–15. Nevertheless, Potestivo filed a motion on Deutsche Bank's behalf requesting a personal deficiency judgment against Allen in the amount of $146,244.96. [1] ¶ 18. Allen's counsel in the foreclosure action objected to that request at the motion hearing, but the Potestivo attorney who appeared refused to withdraw it. [1] ¶¶ 21–23. The motion was entered and continued for two weeks, and a different Potestivo attorney appeared at the second hearing. [1] ¶¶ 24–25.

---

* Bracketed numbers refer to entries on the district court docket.

When Allen's counsel objected again, the Potestivo attorney agreed to withdraw the request for a personal deficiency judgment, and the court struck the corresponding language in the motion before granting it. [1] ¶¶ 25–26. Potestivo knew that Allen could not be liable for a personal deficiency judgment when it filed its motion, and it would have obtained the deficiency judgment against Allen had her attorney failed to intervene. [1] ¶ 27. She claims that by filing the motion, Potestivo violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692f.

Potestivo seeks dismissal of the complaint for failing to allege an injury in fact sufficient to establish Article III standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). To meet the injury-in-fact requirement, a plaintiff must have "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S.Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560).

Potestivo argues that because it withdrew the request for a personal judgment against Allen and no judgment was entered, Allen did not suffer a concrete harm. By the time Allen filed this action, the risk of a personal deficiency judgment against her had already ceased to exist; it was no longer imminent. But that does not necessarily mean that Allen is asserting the type of hypothetical injury that cannot satisfy the injury-in-fact requirement.

In *Spokeo*, the Court confirmed that "Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before." 136 S.Ct. at 1549 (quoting *Lujan*, 504 U.S. at 580 (Kennedy, J., concurring in part and concurring in judgment)). Through the FDCPA, Congress created a right to be free from being subjected to any deceptive, misleading, unfair, or unconscionable means to collect or attempt to collect a debt. 15 U.S.C. §§ 1692e, 1692f. Allen alleges that Potestivo violated that right by filing a motion in state court in an attempt to collect a debt that Allen did not owe. That the attempt was ultimately unsuccessful is irrelevant to whether there is a concrete injury here. Allen's complaint articulates a concrete injury—being subjected to an effort to collect a debt through means that were either false or unfair. The motion attempted to make Allen liable for a personal judgment, and that prospect (even though it never came to fruition) was itself a cognizable harm under the FDCPA. Congress defined such conduct as giving rise to a case or controversy, and that is sufficient to present a justiciable case in federal court.

Allen alleges that Potestivo's conduct violated sections 1692e and 1692f of the FDCPA. Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Allen alleges that Potestivo made false representations in the motion it filed with the state court in an attempt to deceive the judge and collect on a debt

that Allen did not owe. The underlying complaint did not seek a personal judgment; the only false representation about a personal judgment was in the motion to the state-court judge, and Allen's lawsuit here expressly alleges that the motion was an effort to "deceive the court." [1] ¶ 34. Representations made to mislead a judge do not violate § 1692e, even when the consumer was an indirect target of the misrepresentations. *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011). The complaint does not state a claim under § 1692e.

Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Stripped of conclusory allegations (which need not be accepted as true when reviewing a motion to dismiss) and recitations of the statutory language, the complaint alleges that Potestivo knew that Allen could not be liable for a personal judgment, but engaged in a short-lived effort to get one anyway. The statute provides examples of unfair conduct, including "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). In *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 998 (7th Cir. 2003), the court held that a letter that may have violated § 1692e was not an unfair or unconscionable means to collect a debt. But the specific conduct at issue in *Turner* was different than that alleged here; in *Turner*, the allegedly unconscionable letter simply tracked other required, statutory language. Allen alleges that Potestivo effectively schemed to get money from her (through a motion filed in state-court) that it was not authorized to collect. This plausibly alleges an unfair method of the type described in § 1692f(1). The motion to dismiss is denied with respect to the claim under § 1692f.

ENTER:

                                                           Manish S. Shah
                                                        United States District Judge

Date: November 13, 2017